*Electronically Filed*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

TAMMY ALIFF,

        Plaintiff,

vs.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

        Defendant.

CASE NO. _____

REMOVED FROM MADISON CO. CIRCUIT COURT
CASE NO. 18-CI-00740

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, The Prudential Insurance Company of America ("Prudential"), by and through its attorneys, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby files this Notice of Removal with respect to the above captioned case, which was filed and currently is pending in the Commonwealth of Kentucky, Madison County Circuit Court. In support of its Notice of Removal, Prudential states as follows:

### Background and Timeliness

1. On December 18, 2018, Plaintiff Tammy Aliff ("Plaintiff") commenced a civil action against Prudential by filing a complaint in the Madison County Circuit Court, Commonwealth of Kentucky. The lawsuit is recorded on that court's docket as Case No. 18-CI-00740. There are no other parties named in Plaintiff's complaint.

2. Prudential was served on December 27, 2018. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiff's complaint, which constitute "all summons, pleadings, and orders" served upon Prudential in the state court action, is attached hereto as Exhibit A. Because Defendant has filed this Notice of Removal within thirty days of Plaintiff's service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

3. In her complaint, Plaintiff alleges that she was an employee of Catholic Health Initiatives ("CHI"), that Prudential "supplied and issued a policy of insurance to CHI, where the Plaintiff obtained coverage for long-term disability ('LTD') insurance" (Ex. A, Compl. ¶ 6), that she "became disabled" while working at CHI (Ex. A, Compl. ¶ 10), and that she is owed LTD benefits from Prudential (Ex. A, Compl. ¶ 8). The Plaintiff further alleges that she applied for LTD benefits with Prudential and that Prudential approved her benefits after an appeal on December 13, 2016, effective January 30, 2016. (Ex. A, Compl. ¶ 14.) Plaintiff also alleges that, on January 18, 2018, Prudential denied her further benefits beyond January 29, 2018. (Ex. A, Compl. ¶ 16.)

4. Plaintiff further alleges that she applied to Prudential for waiver of life premium ("WOP") benefits and that Prudential denied her WOP benefit claim. (Ex. A. Compl. ¶¶ 27-32.)

5. Plaintiff alleges that she is entitled to LTD and WOP benefits, interest, and attorneys' fees. (Ex. A, Compl. ¶¶ 23, 34.)

**Plaintiff's Claims Arise Under ERISA And Are Removable.**

6. In her Complaint, Plaintiff alleges that "The LTD insurance is an employee benefit governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et. seq." (Ex. A, Compl. ¶ 21.) She also alleges that "The WOP insurance is an employee benefit governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq." (Ex. A, Compl. ¶ 35.)

7. Plaintiff further alleges that "This count [for LTD and WOP benefits] is brought under ERISA pursuant [to] 29 U.S.C. § 1132(a)(1)(B)" (Ex. A, Compl. ¶ 37) and seeks damages "under 29 U.S.C. § 1132(a)(1)(B) and (g)" (Ex. A, Compl. ¶ 38.)

8. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9. Plaintiff's Complaint, on its face, alleges a claim for benefits brought pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B), and thus alleges a claim under the laws of the United States within the meaning of 28 U.S.C. § 1331. For this reason, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

10. The Court thus has original jurisdiction over these claims pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441.

## Venue and Notice

11. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 97(a), this Court embraces the Madison County Circuit Court, Commonwealth of Kentucky. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

12. Prompt written notice of this Notice of Removal will be sent to Plaintiff through her counsel, and to the Clerk of Court for Madison County Circuit Court, Commonwealth of Kentucky as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as Exhibit B.

13. Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Prudential respectfully requests that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any

remand order for interlocutory review by the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant Prudential submits that this action properly is removable based on federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the United States District Court for the Eastern District of Kentucky, Lexington Division. Defendant Prudential also requests all other relief, at law or in equity, to which it justly is entitled.

DATED: January 14, 2019                    Respectfully submitted,


                                            THE PRUDENTIAL INSURANCE COMPANY
                                            OF AMERICA

                                            */s/ Phillip L. Monhollen*
                                            One of Its Attorneys

Phillip L. Monhollen
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
9300 Shelbyville Road
Suite 400
Louisville, KY 40222
Telephone: (502) 423-6390
Facsimile: (502) 423-6391
E-mail: phillip.monhollen@qpwblaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on January 14, 2019, he electronically filed the foregoing **DEFENDANT'S NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all attorneys of record in this case, and further certifies that a true and correct copy of the forgoing was served upon the following, by depositing a copy of same in the U.S. Mail, postage prepaid, on this 14th day of January, 2019:

>Elizabeth A. Thornsbury
>elizabeth@austinmehr.com
>Philip G. Fairbanks
>pgf@austinmehr.com
>Mehr, Fairbanks & Peterson Trial Lawyers, PLLC
>201 West Short Street, Suite 800
>Lexington, KY 40507
>*Attorneys for Plaintiff*

>*/s/ Phillip L. Monhollen*
>*One of counsel for Defendant*